# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0579V
Filed: August 31, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
EVANGELINE STAVRETIS,            *
                                 *
       Petitioner,              *     Ruling on Entitlement; Concession;
                                 *     Influenza ("Flu") Vaccine; Shoulder
v.                               *     Injury Related to Vaccine Administration
                                 *     ("SIRVA"); Special Processing Unit
SECRETARY OF HEALTH              *     ("SPU")
AND HUMAN SERVICES,              *
                                 *
       Respondent.              *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

      On May 16, 2016, Evangeline Stavretis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on November 10, 2014, she suffered a shoulder injury that was caused-in-fact by her vaccination. Petition at 1-3. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

      On August 29, 2016, respondent filed a Rule 4(c) report conceding entitlement to compensation in this case. Rule 4(c) Rep. at 1. Respondent concluded, based on her evaluation of the evidence, that petitioner's injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), and that the injury was caused-in-fact by

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

her vaccination.  *Id.* at 4.  Respondent stated that she did not identify any other causes for petitioner's SIRVA, and that the evidence of record demonstrates petitioner has suffered the residual effects of her condition for more than six months.  *Id.*  Petitioner has therefore satisfied all legal prerequisites for compensation under the Act.  *Id.*

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master